IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLENDA K. DUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1187-K |
| | § | |
| WAL-MART STORES, INC. d/b/a | § | |
| WALMART, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Doc. No. 29). The Court has carefully considered the motion, the response, the reply, the appendices, the applicable law, and any relevant portions of the record. For the following reasons, the Court concludes Defendant owed Plaintiff no duty because the condition causing her to fall was open and obvious and, alternatively, Plaintiff failed to satisfy the required notice element of her slip-and-fall case. Therefore, the Court finds summary judgment is appropriate and **GRANTS** Defendant's motion.

I.   **Factual and Procedural Background**

On June 3, 2016, Plaintiff Glenda Dunn ("Plaintiff") visited one of Defendant's store locations in Irving, Texas. Plaintiff noticed floor mats laid out in the front area

of the store. In front of the shopping carts, one mat was laid out that was too large for the space. Because it could not lay flat, there was a tunnel in the middle of the mat which Plaintiff also saw. Plaintiff attempted to walk towards a motorized shopping cart from this area where the large mat was, but she tripped and fell when she caught her foot in the tunnel. As a result of her fall, Plaintiff sustained injuries and damages. She filed this lawsuit against Defendant Wal-Mart Stores, Inc. ("Defendant") in state court, asserting state law claims for premises liability and negligence. Defendant removed the case to this Court on the basis of diversity jurisdiction and subsequently filed this motion for summary judgment.

II.     **Standards for Summary Judgment**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United*

*States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must present competent summary judgment evidence showing a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this burden, the nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

"Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim." *Walker v. Geithner*, 400 F. App'x 914, 916 (5th Cir. 2010)(per curium)(citing *Celotex*, 477 U.S. at 323-25). However, "[i]t is not sufficient to merely list the elements of the claims and state that there is no evidence to support the elements." *Seastruck v. Darwell Integrated Tech.*, Civ. No. 3:05-CV-0531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) (Stickney, M.J.). The movant must cite to the record to demonstrate a lack of evidence that supports the nonmovant's claims. *Id.*

III. **Applicable Law**

An invitee is "one who enters on another's land with the owner's knowledge and for the mutual benefit of both." *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). A landowner owes an invitee a duty to exercise reasonable care to protect the invitee from dangerous store conditions known to or discoverable by the store. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). But this duty does not make the owner a general insurer of its customers' safety on the premises. *See id.*

To prove a claim of premises liability, the plaintiff must establish: (1) the existence of a condition of the premises creating an unreasonable risk of harm to

invitees; (2) the owner had actual or constructive knowledge of some condition of the premises; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the failure to exercise reasonable care was the proximate cause of the injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). To establish the second element of the owner's knowledge, "a slip-and-fall plaintiff . . . [must establish] that (1) the defendant [created the condition] on the floor, (2) the defendant actually knew [about the condition] on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To establish constructive knowledge, a plaintiff must point to some evidence of how long the dangerous condition was there to establish that the owner had a reasonable opportunity to discover it; it is not enough for a plaintiff to merely show that an employee came in close proximity to a hazard. *Id.* at 816. "[M]eager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." *Gonzalez*, 968 S.W.2d at 936.

IV.  Application of the Law to the Facts

Defendant moves for summary judgment on the grounds that: (1) the raised floor mat was open and obvious and Plaintiff had actual knowledge of it; and (2) Plaintiff

cannot and did not establish Defendant had actual or constructive notice of the raised floor mat. Plaintiff responds that the raised floor mat was not open and obvious, but even if it was, the "necessary use" exception applies. As for notice, Plaintiff contends there is fact question as to Defendant having notice because of the proximity of "multiple Wal-Mart employees, particularly the cart returners."

In her original petition filed in state court, Plaintiff asserts state law claims for premises liability and negligence. "Texas recognizes 'two types of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect.'" *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp.3d 817, 824 (W.D. Tex. 2016). "Recovery on a negligent activity theory requires that the plaintiff be injured by or as a contemporaneous result of the activity itself," not because of any condition the activity may have created. *Arsement v. Spinnaker Expl. Co., LLC*, 400 F.3d 238, 251 (5th Cir. 2005). Plaintiff's state court petition clearly alleges that her injuries are based upon a premises defect at Defendant's store, not that her injuries were caused by Defendant's "'affirmative, contemporaneous conduct.'" *Id.* (quoting *Mangham v. YMCA of Austin, Tex.—Hays Cmtys.*, 408 S.W.3d 923, 929 (Tex. App.—Austin 2013)). Moreover, the summary judgment evidence establishes it is not known who caused the floor mat to be raised. Therefore, the

Court's analysis treats these claims as one in the same and based upon a condition of the premises.

### A. Open and Obvious

Defendant first argues it owed no duty to Plaintiff because the raised floor mat was open and obvious and she acknowledged that she knew it was when she entered the store. It is well-established law in Texas that a landowner owes a duty to an invitee to make the premises safe against a dangerous condition. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). However, the Texas Supreme Court has consistently recognized "that a landowner's duty is not absolute." *Id.* at 203. In *Austin*, the Court addressed the "open and obvious" exception to a landowner's duty:

> When the condition is open and obvious or known to the invitee, however, the landowner is not in a better position to discover it. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter into the landowner's premises.

*Id.* at 202. In other words, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Id.* at 204 (internal citations omitted).

Defendant argues that Plaintiff's admitted knowledge of the raised floor mat establishes that it was "open and obvious" and, therefore, Defendant owed her no duty. The Court agrees. Defendant presented Plaintiff's deposition testimony as evidence in support of summary judgment on this basis. In her deposition, Plaintiff testified that: (1) she uses a walker to move around; (2) she saw a rug with "a big tunnel" in the middle in the shopping cart area; (3) she saw this as soon as walked into the store and before she walked towards and onto the mat; (4) she knew to avoid that mat so she would not fall; (5) anyone, herself included, would assume they would fall if their foot got stuck in the tunnel of the raised mat; (6) she asked another customer to retrieve a motorized shopping cart for her because it was located in the area where the floor mat was raised; (7) even though the customer was seated in the cart to bring it to her, she did not want to tell him how to turn on the cart; and (8) Plaintiff then set aside her walker and walked towards him and the cart, trying to get around the raised mat when her foot got caught on it. This summary judgment evidence shows Plaintiff had actual knowledge about the raised mat from the moment she walked into the store and that she even took "reasonable measures to protect [herself] against the known risk" of the raised floor mat. *See id.* at 203.

In her response, Plaintiff argues that the raised floor mat was not "open and obvious" and she "did not fully appreciate" any danger because she was focused on

the motorized carts and not where she was walking. Plaintiff's own deposition testimony belies her argument. Plaintiff testified saw the raised mat as soon as she entered the store and before she walked in the shopping cart area where it was. Plaintiff also testified that she knew she would trip if her foot got caught on it. She even asked another customer to get her a motorized cart because it was in the area with the raised mat. The Court finds the summary judgment evidence establishes that the raised floor mat was "open and obvious" and, "since there is no need to warn against obvious or known dangers," Defendant had no duty to Plaintiff here. *See id.* at 204.

Plaintiff argues that if the raised floor mat was an open and obvious condition, the "necessary-use" exception applies. Plaintiff cites the Texas Supreme Court case of *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978), in which the Court recognized a "necessary-use" exception. Under this very narrow exception, a landowner may still owe a duty to an invitee even if a condition is "open and obvious" where "it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Austin*, 465 S.W.3d at 208. In its reply, Defendant contends this exception does not apply because it was not necessary to Plaintiff to use that area where the raised floor mat was located.

The Court concludes that this exception clearly does not apply here. Plaintiff's own deposition testimony again undercuts her argument. The exception applies where "it is *necessary* that the invitee use the dangerous premises and the landowner should have anticipated that the *invitee is unable to take measures to avoid the risk*." *Id.* (emphasis added). Defendant presented Plaintiff's deposition testimony that, after seeing the raised floor mat, she asked another customer to retrieve a motorized cart for her and this customer agreed. He went to get a cart for her and was seated in it to bring to her, but Plaintiff decided to walk towards the carts anyway, leaving her walker to the side, because she didn't "want to talk like a baby to him" in trying to explain how to turn on the cart. Then when she walked towards him and the cart without her walker, Plaintiff caught her foot on the mat and fell. Plaintiff's own testimony proves that it was not necessary she walk in that area and also that she was able to take measures to avoid tripping on the mat. *See id.* at 207-08 (must be necessary for invitee to use the dangerous premises for this very narrow exception to apply). Plaintiff presents no evidence to create a fact question that the "necessary-use" exception applies.

The Court finds that the condition created by the raised floor mat was "open and obvious" and Plaintiff had actual knowledge of it. Accordingly, Defendant had no duty to Plaintiff when she was aware of the risk and could have avoided it. *See*

*id.* at 206-08 (recognizing the very limited application of the "necessary-use" exception and emphasizing "the Court's more-recently reaffirmed general rule confirms that landowners have no duty to protect or warn such persons when they are aware of the risks and could have avoided them."). Summary judgment is appropriate on Plaintiff's premises liability claim on these grounds.

B. **Actual or Constructive Notice**

Even if the condition was not open and obvious and known to Plaintiff, her premises liability claim would still fail because she did not create a genuine issue of material fact as to the required notice element. To prevail in a slip-and-fall case, the plaintiff must establish, among other things, that the owner had actual or constructive notice about the dangerous condition. *See Ketch*, 845 S.W.2d at 264. To satisfy notice, the plaintiff must show: (1) the defendant created the dangerous condition on the floor; (2) the defendant actually knew of the dangerous condition on the floor; or (3) it is more likely than not that the condition existed long enough that the premises owner had a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 814.

Defendant contends there is no evidence that it had any notice, actual or constructive, of the raised floor mat, therefore summary judgment must be granted for that reason. Plaintiff submits no summary judgment evidence, or even argument,

that Defendant created the condition or had actual knowledge of the condition. In fact, her deposition testimony establishes that she does not know how the "tunnel" in the floor mat came to be, that no Wal-Mart employees were in that area when she fell, that she does not know if a customer caused the tunnel, that no caution or warning signs were in that area, and that she did not have any conversations with any Wal-Mart employees that day or thereafter. Moreover, Plaintiff's responsive argument regarding notice addresses only constructive notice. *See D&M Specialties, Inc. v. Apache Creek Props., L.C.*, Civil Action No. SA-12-CA-588-FB, 2014 WL 12493290, at *3 (W.D. Tex. Aug. 21, 2014)(internal citation omitted)(when a party fails to respond to an argument in the opposing party's motion for summary judgment, the party concedes that argument.) Having considered the summary judgment record, the Court finds Plaintiff failed to establish a fact question that Defendant caused the mat to be raised or had actual knowledge of it.

Plaintiff is left to establish the notice element through constructive knowledge which requires Plaintiff to first prove the length of time the floor mat was raised. *See Reece*, 81 S.W.3d at 815 (prerequisite to establishing "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite length of time."). Proximity to a dangerous condition is only one consideration in the Court's constructive knowledge analysis. *See Wal-Mart Stores,*

*Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006)(per curiam). Plaintiff must submit evidence regarding the length of time the floor mat was raised. *See Reece*, 81 S.W.3d at 816. In support of its argument that there is no temporal evidence, Defendant cites Plaintiff's deposition testimony that she had no idea how long the mat had been raised before she fell; Plaintiff knew only that it was like that when she walked into the store. Plaintiff argues Defendant had constructive notice because the condition was located in the front of the store which was "frequented by multiple Wal-Mart employees, particularly the cart returners." As her only supporting evidence, Plaintiff offers still photographs from the surveillance video camera ("still photos"). Plaintiff contends these still photos prove Wal-Mart employees were in the area where she fell either working or looking in the direction of the raised floor mat during the thirty (30) minutes before Plaintiff's fall. Plaintiff then concludes that this is evidence showing constructive knowledge because "it is much more likely than not that" the floor mat was raised that entire time period and seen by those near-by employees "but was dismissed by [them] as a condition that could not cause injury."

These still photos are simply not proof of how long the raised floor mat was there. *See Reece*, 81 S.W.3d at 816. None of these still photos actually show the floor mat or even the shopping carts; the camera was focused solely on the doors and that initial entry area. Plaintiff did not present any witness testimony or statements or

any other evidence in an attempt to show the length of time the floor mat may have been raised. The fact that Wal-Mart employees may have worked in that area or even looked towards the shopping carts is not evidence of the length of time the mat was raised. *See Reece*, 81 S.W.3d at 816 (reversing jury verdict after concluding "employee's proximity, with no evidence indicating how long hazard was, merely indicates that it was *possible* for premises owner to discover condition, not that premises owner reasonably should have discovered it"). The only evidence is Plaintiff's testimony that she did not know how long it had been like that, only that it was that way when she entered the store. *See Spates*, 186 S.W.3d at 568; *Cox v. H.E.B. Grocery, L.P.*, No. 03-13-00714-CV, 2014 WL 4362884, at *3 (Tex. App.—Austin Aug. 27, 2014)(affirming summary judgment because there was no proof from which a factfinder could draw reasonable inference as to how long peach had been on floor, so "it was equally probable" that it had been on floor for two minutes or two hours).

Plaintiff had the burden "to demonstrate that it was *more likely than not* that the [raised floor mat] had been there for a long time." *Gonzalez*, 968 S.W.2d at 935 (plaintiff must create a triable issue as to whether "the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition."). With no evidence as to how long the floor mat may have been raised,

there is no basis upon which a factfinder could evaluate Defendant's opportunity to discover it and remove or correct it. *See Spates*, 186 S.W.3d at 568. Plaintiff failed to meet her summary judgment burden to create a genuine issue of material fact as to Defendant having notice about the raised floor mat, which is a required element. *See Walker*, 400 F. App'x at 916 ("Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of non-moving party's claim."). The Court finds summary judgment on Plaintiff's premises liability claim is appropriate.

V.   Conclusion

For the reasons previously set forth, the Court **grants** Defendant's motion for summary judgment on Plaintiff's premises liability claim.

**SO ORDERED.**

Signed October 3rd, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE